UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FRANK TADLOCK,**

          Plaintiff,

v.                                                 Case No:  6:12-cv-654-Orl-36DAB

**COMMISSIONER OF SOCIAL SECURITY,**

          Defendant.

_____

**ORDER**

This cause comes before the Court on Plaintiff Frank Tadlock's ("Plaintiff") Complaint for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for benefits.  Doc. 1.  Magistrate Judge David A. Baker has submitted a Report and Recommendation, recommending that the Court affirm the Commissioner's decision.  Doc. 26.

After an independent *de novo* review of the record, including Plaintiff's Objections (Doc. 27) and the Commissioner's response (Doc. 28), the Court agrees with the findings of fact and conclusions of law in the Report and Recommendation.

**I.      BACKGROUND**

On January 5, 2009, Plaintiff filed his applications for disability insurance benefits and supplemental security income ("Applications") with the Social Security Administration.  R. 20, 130–31, 145–46.  Plaintiff's Applications were denied initially and upon reconsideration.  R. 20, 73–80.

On September 28, 2010, Plaintiff had a hearing before an Administrative Law Judge ("ALJ"), at which Plaintiff and a vocational expert ("VE") testified.  R. 20, 36–63.  On

November 24, 2010, the ALJ issued a written decision finding that Plaintiff suffered from the severe impairments of obesity, history of coronary artery disease with coronary artery bypass grafting, diabetes mellitus with peripheral neuropathy, hypertension, osteoarthritis of the knees, and a mood disorder. R. 22, 30. The ALJ also found that these impairments resulted in: moderate restrictions in Plaintiff's activities of daily living; mild restrictions in his social functioning; moderate restrictions in his ability to maintain concentration, persistence, and pace; and no episodes of decompensation of an extended duration. R. 23–24. However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 22–23. With respect to Plaintiff's residual functional capacity ("RFC"), the ALJ reviewed the record and found:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that [he] can stand and walk for only 2 hours in an 8 hour work day and must use a cane for ambulation; he can sit for 6 hours in an 8 hour workday; he must have the opportunity to alternate positions every 30 minutes. He is restricted from climbing ladders, ropes, or scaffolds, and from kneeling or crawling. He can perform occasional crouching, stooping, and climbing stairs. He must avoid exposure to unprotected heights or work with dangerous moving machinery. He is limited to work that involves simple and routine tasks with only occasional changes in the work setting.

R. 24–28. Based upon the VE's testimony, the ALJ found that Plaintiff could not perform any past relevant work. R. 28–29. However, the ALJ also found, based upon the VE's testimony, that Plaintiff could work as a surveillance system monitor or food and beverage order clerk, and that a significant number of those jobs existed in the national economy. R. 29–30, 56–59. Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. R. 30.

On February 29, 2012, the Social Security Appeals Council denied Plaintiff's request for review. R. 1–6. On April 30, 2012, Plaintiff filed a Complaint in this Court, seeking judicial review of the Commissioner's decision. Doc. 1.

Upon review of the expert testimony and administrative record, Magistrate Judge Baker recommended that the Court affirm the decision of the Commissioner and close this case. Doc. 26, p. 17. On April 5, 2013, Plaintiff filed his Objections, arguing, as he did before the Magistrate Judge, that: (1) the ALJ's RFC finding was not supported by substantial evidence because the ALJ failed to give controlling weight to the opinion of Plaintiff's treating physician, Dr. Harvey Schefsky; (2) the ALJ erred in finding Plaintiff's allegations of disabling limitations to be less than credible; and (3) the hypothetical question presented to the VE cannot constitute substantial evidence for the ALJ's decision as the ALJ failed to include the limitations set forth in Dr. Schefsky's opinion. Doc. 27.

## II.   LEGAL STANDARDS

### A.   Review of a Report and Recommendation

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge. When a party makes a timely and specific objection to a finding of fact in a Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. v. State Bd. of Educ. of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify, in whole or in part, the Report and Recommendation of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id*.

**B.     Review of the Commissioner's Decision**

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and is based upon proper legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Id*. Where the Commissioner's decision is supported by substantial evidence, the Court must affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. 42 U.S.C. § 405(g); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) ("If the Commissioner's decision is supported by substantial evidence, we must affirm, even if the proof preponderates against it."). The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its own] judgment for that of the [Commissioner]." *Phillips*, 357 F.3d at 1240 n.8 (quotations omitted).

**C.     An ALJ's Five-Step Disability Analysis**

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Eleventh Circuit has explained this process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The Plaintiff has the burden of proof on the first four steps; the Commissioner carries the burden on the fifth step. *Wright v. Comm'r of Soc. Sec.*, 327 F. App'x 135, 136–37 (11th Cir. 2009). If it is determined at any step in the analysis that the claimant is disabled or not disabled, the evaluation does not proceed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

**III.  DISCUSSION**

    **A.  The ALJ's RFC Determination Is Supported by Substantial Evidence**

Plaintiff argues, as he did before the Magistrate Judge, that the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to give controlling weight to the opinion of Plaintiff's treating physician, Dr. Schefsky. *See* Doc. 27, pp. 3–4. The Commissioner responds that, to the contrary, the ALJ's decision to discount Dr. Schefsky's opinion is well-supported by the evidence. *See* Doc. 28, pp. 2–3.

In making an RFC determination, the ALJ is required to state with particularity the weight given to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Moreover, "[a]bsent 'good cause,' an ALJ is to give the medical opinions of treating physicians 'substantial or considerable weight.'" *Id.* Good cause exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records. *Id.*

In this case, the ALJ noted that Plaintiff received primary care treatment from Dr. Schefsky on dozens of occasions between 2007 and 2010. R. 25, 251–66, 328–46, 365–68. Dr. Schefsky completed several physical RFC questionnaires during the course of his treatment of Plaintiff, the most recent of which concluded that Plaintiff had the RFC to perform less than a full range of light work. R. 28, 369–72. In that RFC questionnaire, Dr. Schefsky indicated that,

among other things, Plaintiff would need to take four to six 20-minute breaks from work per day, would need to be able to shift positions between sitting or standing every 10 minutes, and would be absent from work three or four times per month. R. 28, 370–71. The ALJ decided to give Dr. Schefsky's opinion, as articulated through the RFC questionnaire, "some weight," rather than controlling weight, because Dr. Schefsky "[did] not support the frequent absences or the need to change positions more than every half hour. Dr. Schefsky [sic] records do not contain neurological diagnostic studies and his treatment notes indicate improvement with exercise in 2009. His opinion is also not consistent with other medical opinion evidence that is supported by the record." R. 28.

Plaintiff argues that the ALJ erred in finding that Dr. Schefsky's opinion was not consistent with the medical evidence of record. *See* Doc. 27, pp. 3–4. In support, Plaintiff points to the consultative examination report prepared by Dr. Alvan Barber. *See id.* at 4; R. 267–76. In that report, Dr. Barber noted that Plaintiff, among other things: suffered from brawny edema from his mid-calf to his ankles; had zero deep tendon reflexes at his patella and Achilles; had "decreased distal pulses in [his] lower extremities at [his] posterior tibia and dorsalis pedes"; was unable to squat or walk on his heels or toes; and "walked with a slow wide broad gait." R. 270. Dr. Barber diagnosed Plaintiff with, among other things: morbid obesity; diabetes mellitus, with distal lower extremity neuropathy, poorly controlled on medication; hypertension, poorly controlled on medication; and arthralgia, right and left knee pain. R. 271. Dr. Barber concluded that Plaintiff could sit for reasonable periods of time, but that he could not walk or stand for long periods of time. *Id*. Thus, Plaintiff argues, as he did before the Magistrate Judge, that Dr. Barber's opinion was consistent with Dr. Schefsky's opinion that Plaintiff needed to take frequent breaks and shift positions often. *See* Doc. 27, pp. 3–4.

Upon review, the Court finds that the ALJ adequately explained why Dr. Schefsky's opinion was not consistent with the medical evidence of record. Indeed, in finding that Dr. Schefsky's opinion was not consistent with the medical evidence of record, the ALJ relied on her determination (made in the previous paragraph of her written decision) that Dr. Barber's opinion was consistent with the opinion of the State agency medical consultant, Dr. Gloria Hankins, rather than Dr. Schefsky's opinion. R. 27. In her physical RFC assessment, Dr. Hankins concluded that, among other things, Plaintiff could stand and walk for two hours in an eight-hour workday, and could sit for six hours in an eight-hour workday. R. 27, 296. The ALJ found that Dr. Hankins's opinion was consistent with the record as a whole and with Dr. Barber's opinion because Dr. Barber had concluded that Plaintiff was capable of sitting, standing, and walking for reasonable periods. R. 27. Accordingly, the ALJ decided to give Dr. Hankins's opinion "great weight" and largely adopted her physical RFC assessment. *Id*. The ALJ then found that Dr. Schefsky's opinion was not consistent with the opinions of Dr. Hankins and Dr. Barber because it suggested restrictions to Plaintiff's functioning to a far greater extent than those opined by Dr. Hankins and Dr. Barber. R. 28. For this reason, among others, the ALJ decided to accord Dr. Schefsky's opinion "some weight," rather than controlling weight.[1] *Id*. By explaining the differences in the functional restrictions suggested by the three physicians, the ALJ provided substantial support for her conclusion that Dr. Schefsky's opinion was not consistent with the opinions of Dr. Hankins and Dr. Barber.

---

[1] The ALJ also decided to accord Dr. Schefsky's opinion "some weight," rather than controlling weight, because: Dr. Schefsky did not support the frequent absences or the need to change positions more than every half hour; Dr. Schefsky's records did not contain neurological diagnostic studies; and Dr. Schefsky's treatment notes indicated improvement with exercise in 2009. R. 28. These conclusions are supported by the evidence, and would provide additional good cause for the ALJ to refuse to give Dr. Schefsky's opinion controlling weight. *See Winschel*, 631 F.3d at 1179.

Plaintiff places much weight on the fact that the ALJ appears to have misquoted Dr. Barber's opinion at one point in the written decision. *See* Doc. 27, p. 4. As indicated above, Dr. Barber wrote that Plaintiff "cannot walk or stand for long periods of time." R. 271. However, in summarizing Dr. Barber's report, the ALJ wrote that "Dr. Barber assessed that [Plaintiff] *could stand and walk for extended periods . . . .*" R. 26 (emphasis added). While this summary of Dr. Barber's report does appear to be inconsistent with Dr. Barber's actual notes, this error was harmless because later in the ALJ's written decision she accurately described the functional limitations suggested by Dr. Barber. In the part of the written decision where the ALJ found Dr. Barber's opinion to be consistent with Dr. Hankins's opinion, she wrote that "Dr. Barber concluded that [Plaintiff] was capable of sitting, standing, and walking for reasonable periods." R. 27. Such a statement is consistent with Dr. Barber's assessment that Plaintiff "cannot walk or stand for long periods of time." R. 271. Therefore, there is no indication that the ALJ's misquoting in the earlier part of the written decision influenced her finding that Dr. Barber's opinion was consistent with Dr. Hankins's opinion. As such, the ALJ's misquote was a harmless error and does not warrant reversal. *See Caldwell v. Barnhart*, 261 F. App'x 188, 190–91 (11th Cir. 2008) (per curiam) (recognizing that an ALJ's error in a Social Security decision does not warrant reversal where the ALJ's ultimate findings would remain the same even if the error was corrected).

In his Objections, Plaintiff also argues that Dr. Hankins' opinion was inconsistent with the medical evidence of record because it was inconsistent with the opinions of Dr. Schefsky and Dr. Barber. However, the Court has already found that Dr. Hankins's opinion was consistent with Dr. Barber's opinion. *See supra*. Therefore, the ALJ's decision to give Dr. Hankins's

opinion "great weight" was supported by substantial evidence. In the absence of any other specific objection, the Court finds no reason to reject the ALJ's RFC determination.

   **B. The ALJ's Findings as to Plaintiff's Credibility Are Supported by Substantial Evidence**

In her decision, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms "are not credible to the extent they are inconsistent with the above residual functional capacity assessment."[2] R. 25. Plaintiff argues, as he did before the Magistrate Judge, that the ALJ's findings as to Plaintiff's credibility were not supported by substantial evidence because the language was mere boilerplate and implies that the ALJ determined Plaintiff's ability to work *before* she determined his credibility. Doc. 27, p. 5.

A claimant may seek to establish that he has a disability through his own testimony regarding pain or other subjective symptoms. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam). In so doing, the claimant must show: "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Id*. Where an ALJ decides not to credit a claimant's testimony as to pain and limitations, the ALJ must articulate explicit and adequate reasons for doing so. *Foote v. Chater*, 67 F.3d 1553, 1561–62 (11th Cir. 1995) (per curiam). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Id.* at 1562.

Here, the ALJ set forth sufficient reasons, supported by substantial evidence, for rejecting Plaintiff's testimony regarding the limiting effects of his symptoms. At the hearing before the ALJ, Plaintiff testified that he could not stand for more than approximately ten to fifteen

---

[2] The ALJ's RFC finding was articulated six paragraphs earlier in the written decision. R. 24.

minutes, and that sitting for approximately thirty minutes was "really uncomfortable." R. 44. However, in her decision, the ALJ adequately explained that Dr. Schefsky's opinions to this effect were inconsistent with the medical evidence of record. *See supra*, Part III.A. The ALJ also pointed to the lack of evidence suggesting that Plaintiff's condition was so severe as to prevent him from engaging in less than the full range of light work. R. 28. Thus, the Court is convinced that the ALJ properly considered the entire medical record in discrediting Plaintiff's testimony regarding the limiting effects of his symptoms. *See Dyer*, 395 F.3d at 1210 ("The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable the district court . . . to conclude that the ALJ considered her medical condition as a whole.") (internal quotations and punctuation omitted).

Moreover, where the ALJ adequately explains her decision to discredit the claimant's testimony, courts in the Middle District of Florida have repeatedly rejected the argument that the ALJ erred by using "boilerplate" language and placing it after the RFC finding. *See, e.g.*, *Rivera-Gonzalez v. Astrue*, 8:11-cv-172-T-30EAJ, 2012 WL 2921053, at *3 (M.D. Fla. June 28, 2012), *report and recommendation adopted by* 2012 WL 2912651 (M.D. Fla. July 16, 2012); *Mendez v. Astrue*, 8:11-cv-686-T-33TGW, 2012 WL 1493732, at *3 (M.D. Fla. Mar. 21, 2012), *report and recommendation adopted by* 2012 WL 1481504 (M.D. Fla. Apr. 27, 2012); *see also Howell v. Astrue*, 8:10-CV-2175-T-26TGW, 2011 WL 4002557, at *3 (M.D. Fla. Aug. 16, 2011), *report and recommendation adopted by* 2011 WL 3878365 (M.D. Fla. Sept. 2, 2011) (recommending reversal where the ALJ *did not explain* his decision to discredit the claimant's testimony regarding the limiting effects of his symptoms). Because the ALJ's findings regarding

Plaintiff's credibility were well-supported in her written decision, there was no reversible error. *See Foote*, 67 F.3d at 1561–62.

In the absence of any other specific objection, the Court finds no reason to reject the ALJ's credibility determination as to the limiting effects of Plaintiff's symptoms.

### C. The ALJ's Determination at Step Five Is Supported by Substantial Evidence

Plaintiff argues, as he did before the Magistrate Judge, that the ALJ's determination at step five of the Social Security Administration's five-step disability analysis is not supported by substantial evidence because the ALJ's hypothetical question to the VE failed to include the limitations opined by Dr. Schefsky. Doc. 27, p. 6. However, the Court has already found that the ALJ committed no error in discounting Dr. Schefsky's opinion. *See supra*, Part III.A. Thus, the ALJ was not required to ask a hypothetical question which encompassed the limitations proposed by Dr. Schefsky. *See Crawford*, 363 F.3d at 1161 (holding that an ALJ is not required to include findings in the hypothetical question that the ALJ has properly rejected as unsupported).

### IV. CONCLUSION

After careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the court file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects. Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 26) is **adopted, confirmed and approved** in all respects and is made a part of this Order for all purposes, including appellate review.

2. The decision of the Commissioner of Social Security is **AFFIRMED**.

3. The clerk is directed to terminate all pending motions and deadlines, enter judgment accordingly, and **CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida on September 5, 2013.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
United States Magistrate Judge David A. Baker